IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| KIMBERLY BYFIELD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:17-cv-11024<br>)<br>)<br>)<br>)<br>) |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wells Fargo Bank, N.A. (<u>Wells Fargo</u>") gives notice of removal to this Court of the civil action commenced in the Massachusetts Superior Court, Norfolk County identified below. Wells Fargo denies the allegations contained in the state court pleadings and files this Notice of Removal without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court. In support of its removal, Wells Fargo states:

I.     <u>The State Court Action.</u>

Plaintiff Kimberly Byfield ("<u>Plaintiff</u>") filed a Verified Complaint (the "<u>Complaint</u>") against Wells Fargo in the Massachusetts Superior Court for Norfolk County on May 4, 2017. The case is entitled <u>Kimberly Byfield v. Wells Fargo Bank, N.A.</u>, Civil Action No. 1782CV00545 ("<u>Action</u>"). Plaintiff delivered the Complaint to Wells Fargo on or about May 5, 2017. A copy of the Complaint with all exhibits appended thereto is attached as <u>Exhibit A</u>.

II.     <u>Procedural Compliance.</u>

Removal of this case is timely because this Notice is filed within thirty (30) days of the date that Wells Fargo received the Complaint. <u>See</u> 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. §

1

1441(a), the right exists to remove this case from the state court to the United States District Court for the District of Massachusetts, Eastern Division, which district and division embrace the place where the case is currently pending, namely Norfolk County, Massachusetts. Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed promptly with the clerk of the Massachusetts Superior Court, Norfolk County and Wells Fargo will give written notice thereof to Plaintiff. Per 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders and proceedings from the Massachusetts Superior Court, Norfolk County will be filed with this Court within 28 days.

### III. Statement of Statutory Basis For Removal.

A.  This Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332.

The Court has diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a)(1). The Action satisfies both statutory requirements.

*1.  The Amount in Controversy Exceeds $75,000.*

There is no question that the amount in controversy requirement is satisfied in this case. The amount in controversy requirement is satisfied "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Plaintiff's claims arise from and relate to her October 5, 2007 mortgage loan. In particular, Plaintiff alleges that in 2007, she executed a promissory note (the "Note") in the original principal amount of $374,400, which Note is secured by a mortgage on the property (the "Mortgage," together with the Note, "Mortgage Loan") located at 59 Lyman Road, Milton, Massachusetts (the "Property"). See Compl. ¶ 6; Compl. Ex. 3, *Mortgage*. Plaintiff contends, among other things, that Wells Fargo

sent her a defective right-to-cure letter in violation of G.L. c. 244, § 35A and that the Mortgage contains a defective acknowledgement of her signature. See Compl. ¶¶ 50-65. Based on these claims, Plaintiff seeks a declaratory judgment that Wells Fargo lacks standing to foreclose on the Property and that it "is prohibited from exercising non-judicial foreclosure under the power of sale" in the Mortgage. See Compl. ¶ 68.

In calculating the amount in controversy, the Court should consider the total amount of monetary relief that Plaintiff seeks to recover, or the financial impact the relief sought would have on Wells Fargo. Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004) (The amount is measured by "the judgment's pecuniary consequences to those involved in the litigation."); see also Dept. of Recreation & Sports v. World Boxing, 942 F.2d 84, 90 (1st Cir. 1991). When equitable relief is sought, "the amount-in-controversy is 'measured by the value of the object of the litigation.'" Aliberti v. GMAC Mortg., LLC, 779 F. Supp. 2d 242, 245 (D. Mass. 2011) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). In cases that seek to void a security interest or prevent foreclosure of a mortgage, courts have held that "the object of the litigation" is the face value of the mortgage loan. See, e.g., McLarnon v. Deutsche Bank Nat'l Trust Co., 2015 WL 4207127, at *3 (D. Mass. July 10, 2015) (finding amount-in-controversy requirement met when amount of mortgage loan was greater than $75,000); see also Barbosa v. Wells Fargo Bank, N.A., 2013 WL 4056180, at *5 (D. Mass. Aug. 13, 2013) ("[T]he fact that the original amount of the March 2007 mortgage on the premises was $531,000 suffices to show by a reasonable probability that the value of the Barbosas' property exceeded $75,000 at the time this action was removed."); cf. McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012) ("The face-value-of-the-loan rule, of course, has the

advantage of perfect simplicity … So there is much to be said for such an approach."). When measured according to these principles, the amount in controversy exceeds $75,000.

The validity and enforceability of Plaintiff's $374,400 Mortgage Loan is directly at issue in this case. Plaintiff seeks, among other forms of relief, a declaratory judgment that Wells Fargo lacks standing to foreclose and that it "is prohibited from exercising non-judicial foreclosure under the power of sale" in the Mortgage. See Compl. ¶ 68. If the relief sought by Plaintiff is granted, it would deprive Wells Fargo of the value of the Mortgage. Therefore, the "object of the litigation" and the "pecuniary consequences" of this relief is the value of the Mortgage securing the Note in the original principal amount of $374,000. See Leventhal, 389 F.3d at 3; Aliberti, 779 F. Supp. 2d at 245; see also McLarnon, 2015 WL 4207127, at *3; Barbosa, 2013 WL 4056180, at *5. Thus, because Plaintiff challenges the validity and enforceability of the Mortgage, the amount in controversy exceeds the $75,000 threshold.

   *2.   The Parties Are Citizens Of Different States.*

The parties are diverse. Plaintiff is a citizen of Massachusetts. See Compl. ¶ 2 (identifying plaintiff as a "person residing at 59 Lyman Road, Milton, Norfolk County, Massachusetts 02186"). For purposes of diversity of citizenship under 28 U.S.C. § 1332, Wells Fargo is a citizen of South Dakota. Wells Fargo is a national banking association organized and operating under the National Bank Act (12 U.S.C. § 21, *et seq.*) and subject to the regulation and supervision of the Comptroller of the Currency of the United States Department of the Treasury.[1] National banking associations are deemed "citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The United States Supreme Court has held that this language means

---

[1] The court may take judicial notice of a national bank. See In re Hollingworth, 453 B.R. 32, 35 (2011) (citing United States v. Harris, 530 F.2d 576, 578 (4th Cir.1976); United States v. Thomas, 610 F.2d 1166, 1171 (3d Cir. 1979) (justifying judicial notice of bank's national character because the word "National" in a bank's title is "virtually conclusive evidence that the bank is federally chartered")).

that a national banking association is a citizen of the State in which its main office, as set forth in its articles of association, is located.  Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006) (holding national bank located for the purposes of diversity jurisdiction in the state where its main office is located as listed in the articles of association); McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012) (same).  According to the Office of the Comptroller of Currency, the supervisor of national banks, Wells Fargo's main office, as set forth in its articles of association, is located in Sioux Falls, South Dakota.  Thus, where Plaintiff is a citizen of Massachusetts and Wells Fargo is a citizen of South Dakota, diversity of citizenship exists.

IV.   Conclusion.

WHEREFORE, Wells Fargo respectfully request that the Court assume jurisdiction over this matter and that no further proceedings be held in the Massachusetts Superior Court, Norfolk County.  In the event that any question arises as to the proprietary of removal, Wells Fargo requests the opportunity to submit briefs and be heard at argument in support of its position that removal is proper.

    Respectfully submitted,
    Wells Fargo Bank, N.A.,
    by its attorneys,

    */s/ Hollee M. Watson*
    Sean R. Higgins (BBO# 659105)
    sean.higgins@klgates.com
    Hollee M. Watson (BBO# 691480)
    hollee.watson@klgates.com
    K&L Gates LLP
    State Street Financial Center
    One Lincoln Street
    Boston, Massachusetts 02111
    Tel:  (617) 261-3128
    Fax:  (617) 261-3175

Dated: June 2, 2017

CERTIFICATE OF SERVICE

      I, the undersigned, certify that on June 2, 2017, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail, postage prepaid, to those indicated as non-registered participants.

                                           */s/ Hollee M. Watson*
                                           Hollee M. Watson